UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOE L. CHARLAND,

       Plaintiff,

v.               1:13-CV-492
                   (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____

APPEARANCES:           OF COUNSEL:

LAW OFFICES OF DAVID C. BURAN, P.C.  DAVID C. BURAN, ESQ.
 Counsel for Plaintiff
78 Severance Green, Ste. 106
Colchester, VT 05446

U.S. SOCIAL SECURITY ADMIN.     DAVID L. BROWN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II DAVID B. MYERS, ESQ.
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## **REPORT and RECOMMENDATION**

   This matter was referred for report and recommendation by the Honorable Judge Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. No. 19.) This case has proceeded in accordance with General Order 18.

   Currently before the Court, in this Social Security action filed by Joe L. Charland ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 16, 17.) For the reasons set forth below, it is recommended that Plaintiff's motion be granted in part, in the extent it seeks remand under Sentence Four of 42 U.S.C. § 405(g), and Defendant's motion be denied.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born on May 17, 1980. (T. 127.) He completed the 11th grade. (T. 30.) Generally, Plaintiff's alleged disability consists of a back injury and a learning impairment. (T. 132.) His alleged disability onset date is February 24, 2006. (T. 49.) His date last insured is December 21, 2010. (T. 49.) He previously worked as laborer. (T. 133.)

### B.     Procedural History

On October 5, 2009, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 49.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On May 19, 2011, Plaintiff appeared before the ALJ, Carl E. Stephan. (T. 24-48.) On August 26, 2011, ALJ Stephan issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 7-23.) On March 1, 2013, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-4.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 12-19.) First, the ALJ found that Plaintiff met the insured status

requirements through December 31, 2010. (T. 12.) Second, the ALJ found that Plaintiff had the severe impairments of lumbar spine impairment, obesity, and depression. (*Id.*) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 13-14.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except Plaintiff:

> would have occasional difficulty performing complex tasks, but [could] generally perform complex tasks satisfactorily; [Plaintiff] retain[ed] adequate ability to perform simple tasks, interact appropriately with coworkers and supervisors, respond appropriately to changes in his work environment, deal with stress, and keep a regular schedule within ordinary tolerances.

(T. 14.) Fifth, the ALJ determined that Plaintiff was incapable of performing his past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 17-18.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes four separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues the ALJ's RFC determination was not supported by substantial evidence. (Dkt. No. 16 at 16-20 [Pl.'s Mem. of Law].) Second, Plaintiff argues the ALJ failed to properly evaluate Plaintiff's credibility. (*Id.* at 20-21.) Third, Plaintiff argues the ALJ failed to afford the opinion of Plaintiff's treating physician proper weight. (*Id.* at 21-22.) Fourth, and lastly, Plaintiff argues the ALJ failed to consider the side effects of medication and erred in his reliance on "the Grids[1]." (*Id.* at 22-23.)

### B. Defendant's Arguments

---

[1] Medical–Vocational Guidelines set forth at 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly called "the Grids" or the "Grid").

In response, Defendant makes three arguments. First, Defendant argues the ALJ's RFC assessment and evaluation of the medical opinion evidence was supported by substantial evidence. (Dkt. No. 17 at 5-14 [Def.'s Mem. of Law].) Second, Defendant argues the ALJ's credibility determination was supported by substantial evidence. (*Id.* at 14-17.) Third, and lastly, Defendant argues the ALJ's reliance on "the Grids" was proper and supported by substantial evidence. (*Id.* at 17-19.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational

4

interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which

5

is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV.   ANALYSIS

For ease of analysis, Plaintiff's arguments will be addressed in a consolidated manner.

### A.   The ALJ's RFC Determination and Evaluation of Medical Opinion Evidence

A plaintiff's RFC is the most he can still do despite his limitations. *See* 20 C.F.R. § 404.1545. In making an RFC determination, the ALJ must base his decision on all of the relevant medical and other evidence in the record. *Id.* at § 404.1545(a)(3).

The full range of sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a); SSR 96–9p, 1996 WL 374185, at *3. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. SSR 83-10, 1983 WL 31251, at *5. "Occasionally" means occurring from very little up to one-third of the time, and would generally total no more than about two hours of an eight-hour workday. SSR 83-10, at *5. Sedentary work "generally involves up to

two hours of standing or walking and six hours of sitting in an eight-hour work day." *Perez v. Chater,* 77 F.3d 41, 46 (2d Cir.1996) (citing SSR 83–10, at *5).

Here, the ALJ determined Plaintiff could perform sedentary work, with additional non-exertional mental impairments. (T. 14.)[2] In concluding Plaintiff could perform the physical demands of sedentary work the ALJ relied on medical opinion of Jonathan Glassman, M.D. (T. 15.)

On July 21, 2009, Dr. Glassman conducted an independent medical examination ("IME") of Plaintiff in connection with his worker's compensation claim. (T. 260-262.) Dr. Glassman reviewed Plaintiff's medical record which included narrative reports, medical imaging, EMG studies, and physical therapy notations. (T. 260.) Dr. Glassman also performed a physical examination of Plaintiff. On examination, Dr. Glassman noted Plaintiff had tenderness of his right lumber spinal region, had a positive straight leg raise test on the right, had limited range of motion of the spine, had a normal gait when distracted, had normal toe-heel walk, had full muscle strength, and had decreased sensation to light touch in stocking distribution on the right lower extremity. (T. 261.) Dr. Glassman opined that Plaintiff had a "moderate disability" and was capable of "working with restrictions/limitations of sedentary work only and no lifting great than 30 pounds." (T. 262.)

The ALJ afforded Dr. Glassman's opinion "great weight." (T. 16.) The ALJ reasoned Dr. Glassman's opinion was "supported by personal examination of [Plaintiff] using clinically acceptable diagnostic techniques and [was] supported by the

---

[2] Plaintiff does not assert that the ALJ erred in his mental RFC determination.

preponderance of the evidence." (T. 16.)[3] Although the ALJ provided proper reasons in affording Dr. Glassman's opinion weight, the ALJ's overall analysis failed because Dr. Glassman's opinion provided no discussion of Plaintiff's actual functional abilities in the context of "sedentary work." *See Acevedo v. Colvin*, 20 F. Supp. 3d 377, 388 (W.D.N.Y. 2014) ("Absent a discussion of Plaintiff's functional abilities, the opinions of [the worker compensation doctor] offered little information for the ALJ to consider in conducting his RFC assessment.").

Dr. Glassman's IME provided no definition of the exertional requirements of "sedentary" work nor did his IME provide a discussion of Plaintiff's abilities to perform the sitting, standing, and/or walking requirements of sedentary work. Further, Dr. Glassman's limitations were in the context of a worker's compensation claim and the standards in a work's' compensation claim differ from the standards in a Social Security claim. To be sure, a limitation to a "sedentary" position naturally implies a greater amount of sitting than standing and/or walking. However, in the realm of Social Security, sedentary work requires some degree of standing and/or walking. 20 C.F.R. § 404.1567(a). The ALJ failed to specify how long Plaintiff could stand, walk, or sit during an eight hour day and such this Court cannot determine whether the RFC determination was supported by substantial evidence. See *Baker v. Comm'r of Soc. Sec.*, No. 5:14-CV-1243, 2016 WL 769708, at *7 (N.D.N.Y. Feb. 1, 2016) *report and recommendation adopted,* No. 5:14-CV-1243, 2016 WL 796066 (N.D.N.Y. Feb. 24, 2016) (remanding where the ALJ's failure to specify the plaintiff's capacity for prolonged sitting, standing,

---

[3] The relevant factors considered in determining what weight to afford an opinion include the length, nature and extent of the treatment relationship, relevant evidence which supports the opinion, the consistency of the opinion with the record as a whole, and the specialization (if any) of the opinion's source. 20 C.F.R. § 404.1527(c)(1)-(6).

8

and walking provided an inadequate basis for judicial review of whether the RFC determination was supported by substantial evidence).

An ALJ's failure to articulate a specific function-by-function RFC is not per se error. *Cichocki v. Astrue,* 729 F.3d 172, 177 (2d Cir. 2013) ("remand is not necessary merely because an explicit function-by-function analysis was not performed"). However, the ALJ's failure to specify Plaintiff's capacity for prolonged sitting, standing, and/or walking provides an inadequate basis for judicial review of whether the RFC determination was supported by substantial evidence. *See Cichocki,* 729 F.3d at 177 ("[r]emand may be appropriate ... where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review"), *see also Beylo v. Astrue,* No. 10-CV-354, 2012 WL 4491043, at *7, 9 (N.D.N.Y. Sept. 28, 2012) (the ALJ erred by not referencing what range of unskilled sedentary work plaintiff could perform, and by not discussing how long plaintiff could sit, stand, or walk); *Burton v. Colvin,* No. 6:12-CV-6347, 2014 WL 2452952, at *10 (W.D.N.Y. June 2, 2014) (the ALJ erred by failing to specify plaintiff's ability to sit, stand, walk, lift, carry, and bend during an eight-hour workday). Therefore, remand is recommended for a proper determination of whether Plaintiff had the capacity to sit, stand, or walk consistent with sedentary work.

Plaintiff next argues the ALJ failed to give the opinion of Plaintiff's treating physician, Dr. Thomas, proper weight. (Dkt. No. 16 at 21 [Pl.'s Mem. of Law].) The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not

inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2).

The following factors must be considered by the ALJ when deciding how much weight the opinion should receive, even if the treating source is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." 20 C.F.R. § 404.1527(c)(2). The ALJ is required to set forth his reasons for the weight he assigns to the treating physician's opinion. *Id.*, *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998)).

Dr. Thomas provided multiple medical source statements. On May 17, 2011, Dr. Thomas completed a physical medical source statement. (T. 490-495.)[4] Dr. Thomas opined Plaintiff could frequently lift and/or carry 20 pounds. (T. 491.) He opined Plaintiff could stand and/or walk less than two hours in an eight hour workday. (*Id.*) Specifically, Dr. Thomas stated Plaintiff could stand and/or walk a "few minutes" and sit "10-15 minutes." (*Id.*) Dr. Thomas opined Plaintiff could sit "0.25" hours before needing to stand and walk around. (T. 492.) He opined Plaintiff could stand and walk "0.1" hours before needing to sit again. (*Id.*) Dr. Thomas opined Plaintiff would need to lie

---

[4] The May 17, 2011 medical source statement specifically provided limitations "on/before December 21, 2010." (T. 490.) Dr. Thomas completed a subsequent statement on May 18, 2011, in which he indicated the limitations imposed in the May 17th statement were Plaintiff's limitations as of February 24, 2011. (T. 502.) Dr. Thomas also completed a medical source statement regarding Plaintiff's mental functioning; however, Dr. Thomas indicated he did not treat Plaintiff for mental impairments and the form was left blank. (T. 496-501.)

10

down five times a day for ten to 30 minutes. (*Id.*) Dr. Thomas opined Plaintiff's ability to push and pull was limited. (*Id.*)

Dr. Thomas provided Plaintiff with non-exertional limitations as well. Dr. Thomas opined Plaintiff should never: climb, stoop, crawl, or reach. (T. 493.) Dr. Thomas opined Plaintiff could occasionally: kneel, crouch, and bend. (*Id.*)

The ALJ afforded Dr. Thomas's opinion "little weight." (T. 16.) The ALJ reasoned the opinion was inconsistent with the record "as a whole." (*Id.*) Specifically, the ALJ noted Dr. Thomas's treatment notations lacked assessments of Plaintiff's range of motion, strength, neurologic functioning, reflexes, or other objective findings to support his conclusions. (*Id.*) The ALJ also stated Dr. Thomas's limitations were not supported by the objective findings of Drs. Noce, Glassman, and Wassef. (*Id.*) The ALJ reasoned Dr. Thomas's limitations were "so extreme as to not be plausible." (*Id.*)

Plaintiff argues the ALJ erred in his assessment of Dr. Thomas's opinion because the ALJ failed to cite evidence in the record which was "substantially inconsistent" with Dr. Thomas's opinion and the ALJ failed to apply the factors listed in 20 C.F.R. § 404.1527(c).

Here, the ALJ complied with the Regulations in affording Dr. Thomas's opinion "little weight." The ALJ concluded Dr. Thomas's opinion was inconsistent with the record and provided specific medical evidence to support his determination to afford "little weight" to Dr. Thomas's assessment. For example, the ALJ relied on a physical examination by neurologist, Dr. Noce which indicated Plaintiff had full motor strength and sensation. (T. 274.) Dr. Noce also indicated that objective medical testing, radiographs, were unremarkable. (T. 275.) Physical examinations performed by Dr.

11

Wassef indicated Plaintiff was in discomfort during the exam and had tenderness in the lumbar spine; however, Plaintiff had full range of motion in his spine, no spasms, negative straight leg raises bilaterally, no trigger points, no muscle atrophy, no sensory abnormality, no joint effusion or instability. (T. 375.) Therefore, the ALJ did not err in affording Dr. Thomas's extreme opinion "little weight."

Of note, Plaintiff underwent a consultative exam by Dr. Wassef; however, Dr. Wassef failed to provide a medical source statement. (T. 373-376.) The ALJ noted that Dr. Wassef failed to provide a specific opinion regarding Plaintiff's limitations. (T. 16.)

Overall, the record was insufficient to support the ALJ's RFC determination. First, the ALJ relied on Dr. Glassman's opinion that Plaintiff could perform "sedentary" work; however, as stated herein, the doctor's opinion was within the context of a worker's compensation claim with no explanation of the exertional requirements of sedentary work. Second, the ALJ did not err in his assessment of the functional limitations provided by Plaintiff's treating physician, Dr. Thomas. Third, the consultative examiner, Dr. Wassef, failed to provide a medical source statement.

Where "the record lacks a broad assessment of [plaintiff's] physical functional limitations by an acceptable medical source . . . there is an insufficiency in the record that the ALJ should [address], either by obtaining the opinion of a consultative examiner or by recontacting one of [plaintiff's] treating physicians." *Larkin v. Colvin*, No. 13-CV-0567, 2014 WL 414626, at * 9 (N.D.N.Y. Aug. 14, 2014); *see also Jones v. Colvin*, No. 14-CV-556S, 2015 WL 5126151, at *4 (W.D.N.Y. Sept. 1, 2015) (holding that an ALJ was not qualified to assess a plaintiff's RFC on the basis of bare medical findings, and as a result the ALJ's determination of the RFC without a medical advisor's assessment

was not supported by substantial evidence) (citing *Ramos v. Colvin*, No. 13-CP-6503P, 2015 WL 925965, at *9 (W.D.N.Y. March 4, 2015)); *House v. Astrue*, No. 11-CV-915, 2013 WL 422058, at * 4 (N.D.N.Y. Feb. 1, 2013) (holding that remand was necessary where there was no medical source opinion supporting the ALJ's RFC determination). Although the ALJ properly assessed the opinion evidence of Dr. Thomas, his RFC determination was not supported by substantial evidence, because the record was insufficient to support such an RFC. Remand is therefore recommended so the ALJ can obtain sufficient evidence to support an RFC determination, which may include either requesting a more comprehensive consultative exam and/or obtaining a medical source statement from an acceptable medical source regarding Plaintiff's functional limitations.

### B. The ALJ's Credibility Determination

A plaintiff's allegations of pain and functional limitations are "entitled to great weight where ... it is supported by objective medical evidence." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009) (quoting *Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir.1992)). However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979)). "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

"The ALJ's credibility assessment must be based on a two step analysis of pertinent evidence in the record. First, the ALJ must determine whether the claimant has medically determinable impairments, which could reasonably be expected to produce the pain or other symptoms alleged." *Id.*, at 271.

> Second, if medically determinable impairments are shown, then the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity to work. Because an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, an ALJ will consider the following factors in assessing a claimant's credibility: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms.

*Id., see* 20 C.F.R. § 404.1529(c)(3)(i)-(vii). Further, "[i]t is the role of the Commissioner, not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses," including with respect to the severity of a claimant's symptoms." *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013) (citing *Carroll v. Sec'y of Health & Human Servs.,* 705 F.2d 638, 642 (2d Cir.1983)).

Here, the ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not credible "to the extent they [were] inconsistent with the record of medical evidence." (T. 15.) In making his credibility determination the ALJ outlined Plaintiff's testimony regarding his physical limitations and medical opinion evidence from the record. (*Id.*)

14

After outlining the proper standard for evaluating Plaintiff's credibility, Plaintiff concludes "the ALJ failed to engage in any inquiry of Plaintiff's credibility. . .the ALJ failed to cite a single example of any statement by Plaintiff regarding pain."  (Dkt. No. 16 at 21 [Pl.'s Mem. of Law].)  Plaintiff's argument is without merit.  The ALJ outlined Plaintiff's testimony in his decision in which Plaintiff stated he could only lift and carry five to ten pounds, sit for ten minutes, stand for ten minutes, and walk for about 100 feet before requiring a break.  (T. 15.)  The ALJ outlined medical opinion evidence he determined was inconsistent with Plaintiff's alleged back pain, for example, physical examinations conducted by Drs. Noce and Glassman.  (*Id.*)  Therefore, contrary to Plaintiff's conclusory argument, the ALJ cited examples of Plaintiff's statements regarding his limitations due to his impairments and pain.

Plaintiff argues elsewhere, that the ALJ failed to consider the "significant side effects" caused by Plaintiff's medication.  (Dkt. No. 16 at 22 [Pl.'s Mem. of Law].)  Plaintiff argues the ALJ's failure to mention Plaintiff's medication and side effects is reversible error.  (*Id.*)  It is well established that "[a]n ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision." *LaRock ex. rel. M.K. v. Astrue,* No. 10–CV–1019, 2011 WL 1882292, *7 (N.D.N.Y. Apr. 29, 2011) (citing *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983) (internal quotation marks omitted)).  The failure to mention Plaintiff's pain medication is not reversible error.

Therefore, the ALJ did not err in his credibility assessment for the reasons outlined in Plaintiff's arguments; however, because remand is recommended for remand

so that the ALJ may obtain additional medical evidence, it is also recommend for remand for a credibility analysis in light of any new medical opinion evidence obtained.

### C. The ALJ's Step Five Determination

At step five in the sequential evaluation, the ALJ was required to perform a two part process to first assess Plaintiff's job qualifications by considering his physical ability, age, education, and work experience, and then determine whether jobs exist in the national economy that Plaintiff could perform. *See* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); *Heckler v. Campbell,* 461 U.S. 458, 460, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983). The second part of this process is generally satisfied by referring to the applicable rule of the Medical–Vocational Guidelines set forth at 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly called "the Grids" or the "Grid"). *See Bapp v. Bowen,* 802 F.2d 601, 604 (2d Cir.1986).

Here, the ALJ relied on the Grids in making the determination that Plaintiff was not disabled. (T. 17-18.) Plaintiff argues the ALJ erred in his step five determination because Plaintiff had non-exertional limitations which required the testimony of a vocational expert. (Dkt. No. 16 at 22-23 [Pl.'s Mem. of Law].) As remand is recommended for a proper RFC analysis, remand necessarily follows for a step five analysis based on that RFC determination.

In sum, the ALJ's RFC determination was not supported by substantial evidence. The ALJ relied on the medical opinion provided by Dr. Glassman; however, the opinion failed to provide the exertional limitations of sedentary work, instead only stating Plaintiff was capable of "sedentary" work within the context of his worker's compensation claim. The ALJ's RFC analysis failed to provide a discussion of Plaintiff's ability to perform the

exertional demands of sedentary work, including Plaintiff's ability to perform the sitting, standing, and walking requirements.  The ALJ properly afforded "little weight" to Dr. Thomas's extremely restrictive, and unsupported, medical source statement; however, absent Dr. Thomas's functional limitations the record was silent regarding Plaintiff's abilities and inabilities.  These factors, combined with Dr. Wassef's failure to provide a medical source statement regarding Plaintiff's functional limitations left the record insufficient.  Therefore, the record simple did not provide sufficient evidence to support the ALJ's RFC determination and remand is recommended so that the ALJ can obtain additional evidence, such as a new consultative examination or treating source statement.

**ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the Plaintiff's motion for judgment on the pleadings be **GRANTED**, and the Commissioner's determination be **DENIED**, and the matter be **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g) and consistent with this report**.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report.  Any objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 9, 2016

                                                    William B. Mitchell Carter
U.S. Magistrate Judge