UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOE L. CHARLAND,

                      Plaintiff,

v.                                                  Case No. 1:13-CV-492 (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

APPEARANCES:                                                       OF COUNSEL:

LAW OFFICES OF DAVID C. BURAN                     DAVID C. BURAN, ESQ.
  Counsel for Plaintiff
78 Severance Green, Suite 106
Colchester, VT 05446

U.S. SOCIAL SECURITY ADMIN.                          DAVID L. BROWN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II      DAVID B. MYERS, ESQ.
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

        Currently before the Court, in this Social Security action filed by Joe L. Charland ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter, filed on March 9, 2016, recommending that Plaintiff's motion for judgment on the pleadings be granted, and that Defendant's motion for judgment on the pleadings be denied, and (2) Defendant's objections to the Report and Recommendation. (Dkt. Nos. 20-21.)

I.      DEFENDANT'S OBJECTIONS

Generally, Defendant makes two arguments in objection to the Magistrate Judge's recommendation that remand is required because the ALJ's physical residual functional capacity ("RFC") finding that Plaintiff could perform "sedentary work as defined in 20 CFR 404.1576(a)" (1) failed to provide a proper function-by-function assessment of Plaintiff's physical abilities, and (2) was not supported by substantial evidence because the record did not include a medical opinion that Plaintiff could perform the physical requirements of sedentary work, specifically sitting for six hours and standing/walking for two hours during an eight-hour workday.

First, Defendant argues that the Magistrate Judge's recommendation that the ALJ's RFC determination failed to provide a proper function-by-function assessment should be rejected because (1) the ALJ provided a legally sufficient function-by function assessment by stating that Plaintiff had the physical RFC to perform "sedentary work as defined in 20 CFR 404.1576(a)," and (2) even if the Court finds that the ALJ erred in this regard, any such error would be harmless under the facts of this case. (Dkt. No. 21 at 2-5.)

Second, Defendant argues that the Magistrate Judge's recommendation that the ALJ's RFC determination was not supported by substantial evidence should be rejected because the Magistrate Judge applied the incorrect legal standard and should have affirmed the ALJ's RFC determination under the substantial evidence standard of review. (*Id.* at 5-8.)

II.     APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report

and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## III. ANALYSIS

While Defendant's objections somewhat reiterate her arguments presented in her initial brief, the Court finds that the objections constitute specific challenges to the Report and Recommendation. (*Compare* Dkt. No. 21 *with* Dkt. No. 17.) Therefore, the Court conducts a de novo review of the portions of the Magistrate Judge's Report and Recommendation addressed in Defendant's objections. For the ease of analysis, Defendants objections will be addressed out of order below.

### A. Whether the ALJ's Physical RFC Determination Was Supported by Substantial Evidence

The court agrees with the Magistrate Judge that the ALJ's physical RFC determination was not supported by substantial evidence for the reasons stated in the Magistrate Judge's Report and Recommendation. (Dkt. No. 20 at 6-8, 10-13.) To these reasons, the Court adds the following analysis.

Social Security regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of . . . [a plaintiff's] impairment(s), including . . . [a plaintiff's] symptoms, diagnosis and prognosis, what . . . [a plaintiff] can still do despite impairment(s), and . . . [a plaintiff's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

"The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015); *accord, Rosa v. Callahan,* 168 F.3d 72, 79 (2d Cir. 1999). Moreover, an ALJ cannot assess a plaintiff's RFC based on the ALJ's own interpretation of the medical evidence. *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (holding that an "ALJ cannot arbitrarily substitute his own judgment for competent medical opinion"); *accord, House v. Astrue*, 11-CV-915, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013) (holding that remand was necessary where there was no medical source opinion supporting the ALJ's RFC determination); *Larkin v. Colvin,* 13-CV-0567*,* 2014 WL 4146262, at *9 (N.D.N.Y. Aug. 19, 2014) (holding that remand was required where the record lacked a broad assessment of Plaintiff's physical functional limitations from an acceptable medical source).

Here, the ALJ determined that Plaintiff had the physical RFC to perform sedentary work without a medical opinion indicating that Plaintiff could perform all of the exertional requirements of sedentary work, most notably standing and walking for two hours during an eight-hour workday. 20 C.F.R. § 404.1567(a); SSR 83-10, 1983 WL 31251 (1983). The Court recognizes that, "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *See House*, 2013 WL 422058, at *4*.* However, that is not the case in

the present matter because the ALJ determined that Plaintiff's lumbar spine impairments and obesity were severe impairments. (T. 12.)

Accordingly, the Court accepts and adopts the Magistrate Judge's recommendation that the ALJ's RFC determination was not supported by substantial medical evidence and that remand is required for the ALJ (1) to obtain a comprehensive function-by-function opinion of Plaintiff's physical work-related abilities and limitations from an acceptable medical source, and (2) reassess the RFC in light of the new medical opinion evidence. (Dkt. No. 20 at 6-8, 10-13.)

      **B.**      **Whether the ALJ Erred by Failing to Provide a Function-by-Function Assessment of Plaintiff's Physical Abilities and Limitations in the RFC Determination**

For the reasons set forth in Part III.A. of this Decision and Order, this matter is being remanded for the ALJ to obtain additional medical opinion evidence and reassess the RFC based on the new evidence. Therefore, the Court need not, and will not, reach this issue.

**ACCORDINGLY**, it is

**ORDERED** that the Magistrate Judge's Report and Recommendation (Dkt. No. 20) is **ACCEPTED** to the extent that it recommends that remand is required for the ALJ (1) to obtain a comprehensive function-by-function opinion of Plaintiff's physical work-related abilities and limitations from an acceptable medical source, and (2) reassess Plaintiff's physical RFC in light of the new medical opinion evidence; and it is further

**ORDERED** that the Commissioner's determination is **VACATED**; and it is further

**ORDERED** that the matter is **REMANDED** to the Commissioner of Social Security for further administrative proceedings consistent with this Order.

Dated: March 22, 2016
      Syracuse, New York

                                                  Hon. Glenn T. Suddaby
                                                  Chief, U.S. District Judge